*Kinney, McClanahan & Cooper* and *S. H. Derby* for respondents.

---

# ANNIE KEALOHA AND KEONI WILLIAMS *v.* WILLIAM R. CASTLE, TRUSTEE.

### QUESTION RESERVED FROM CIRCUIT JUDGE OF THE FIRST CIRCUIT.

### ARGUED OCTOBER 3, 1905.          DECIDED OCTOBER 16, 1905.

#### FREAR, C.J., HARTWELL AND WILDER, JJ.

CHILDREN OF AN ADULTEROUS INTERCOURSE NOT LEGITIMATIZED BY PARENTS' SUBSEQUENT MARRIAGE—*following 4 Haw. 292.*

> The plaintiffs being illegitimate children of persons living in adultery who afterwards married, claimed that they were thereby made legitimate under the act providing that "All children born out of wedlock are hereby declared legitimate on the marriage of the parents to each other and are entitled to the same rights as those born in wedlock." Sec. 2288, R. L.; also claiming that the decision was wrong, 4 Haw. 292, which held that the act did not include children of an adulterous intercourse; also that an instruction given to the trustee by a justice of this Court in 1891 to pay the income to the mother of the children for them on the theory that they had become legitimate by the subsequent intermarriage of their parents, was res judicata upon the Trustee through the entire administration of the trust. *Held:* The court is not prepared to hold the decision in 4 Haw. 292, to be wrong and does not see fit to disregard it as a precedent; or to say that if the question were presented de novo it would take any other view; and as to

the instruction to the Trustee, there does not appar to have been any contest or issue concerning the legitimacy of the children.

## OPINION OF THE COURT BY HARTWELL, J.

The plaintiffs brought a bill in equity in order to compel the respondent as trustee under the will of Joshua R. Williams to pay to them such share of the income of the testator's estate as by the terms of the testator's will would be payable to the children of a deceased child of the testator.

The plaintiffs are illegitimate children of a son of the testator born while their father was living in lawful wedlock with his wife, but after the death of the wife their father and mother intermarried and thereby, as the plaintiffs claim, they were made legitimate under the provisions of the statute that "All children born out of wedlock are hereby declared legitimate on the marriage of the parents to each other and are entitled to the same rights as those born in wedlock." (Sec. 2288 Revised Laws.)

The bill also avers that in the year 1891 the respondent "applied to the Supreme Court in Probate, said court at that time having jurisdiction at Chambers in matters of probate, for instructions as to the standing of said children, and that he was authorized and instructed by the Honorable Richard F. Bickerton, one of the Justices of said court, to make payment to the said children on the theory that they had become legitimate by the subsequent intermarriage of their parents, and that thereafter said respondent as trustee duly made such payments to said Kahalauaola, the mother of said children, in their behalf, until within a year or two past, since which time respondent has utterly refused to make any payments to the said children, or either of them, or to anyone in their behalf, claiming that they were not and are not now entitled to receive any portion of the income or to share in the principal of the said estate to J. R. Williams, deceased."

The defendant having demurred to the bill and the Circuit

Judge being in doubt whether the demurrer should be sustained or overruled, in respect of the construction of the statute referred to and its application to the facts alleged in the bill, reserved for the consideration of this Court the question whether the demurrer should be sustained or not; that is to say, were the petitioners made legitimate by the marriage of their parents subsequent to their birth and thereby rendered capable of inheriting from their father, J. R. Williams, deceased.

The statute in question was held in *Kekula and husband versus Pioeiwa and Paku,* 4th Hawaiian 292 (1880), to be inapplicable to offspring of an adulterous intercourse, the court saying that "any other construction of this Act would be subversive of good morals and we cannot think that the legislature so intended it."

The plaintiffs do not deny that the decision applies to their case, but they claim that it is bad law and ought not to be treated as a precedent, and moreover that the instruction given to the testator by Justice Bickerton makes the matter *res judicata* during the entire administration of the trust estate.

We are not prepared to hold that the Kekula decision was wrong. Under the Constitution and laws in force at the time of that decision the court had power to declare a statute unconstitutional which it deemed to be *contra bonos mores.*

An instance of the exercise of this power is *Kinimaka v. Ah Fai,* 3 Haw. 631, in which the court held that a statute is unconstitutional and void as contrary to public policy and morality which enacts that: "No marriage of a Hawaiian woman with a Chinaman shall be invalid by reason of a previous marriage of such Chinaman in China; provided that such marriage shall have been unknown to such Hawaiian woman at the time of her marriage." In the exercise of its discretionary power the court in the Kekula case could properly have held that the Act as applied to the facts of that case was unconstitutional because in such application the act would be immoral, or the same conclusion could be reached, and in fact was reached, by considering that the legislature did not intend such application by the Act.

Whether we should take the same view as was taken by the court in that case or not, the decision is a precedent which we do not see fit to disregard. Nor are we prepared to say that if the question were now presented *de novo* we should take any other view of the matter than was taken in that case.

The decision laid down a rule affecting rights of property and it is imposible to say how far it may have affected property rights since acquired.

As to the instruction by Mr. Justice Bickerton, it does not appear that any notice was given of the proceedings or that there was any contest or issue made concerning the legitimacy of children.

The Circuit Judge is advised that the demurrer ought to be sustained.

*T. M. Harrison* for plaintiffs.

*A. G. M. Robertson* for respondent.

FREAR, C.J.: I concur on the ground that, although I think the decision in the *Kekula* case erroneous, we ought not to over-rule it under all the circumstances.